IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER : CIVIL ACTION
:
v. :
:
JAMES MAGRADY, et al. : NO. 10-703

ORDER

AND NOW, this 16th day of February, 2011, upon consideration of Ravanna Spencer's petition for writ of habeas corpus (docket entry # 3), the Commonwealth's answer to the application for habeas corpus relief (docket entry # 10), Spencer's brief in reply to the Commonwealth's answer (docket entry # 16), the Report and Recommendation of the Honorable David R. Strawbridge (docket entry # 19), Spencer's pro se Objections to the Report and Recommendation ("Objs.") (docket entry # 22), and the Court finding that:

(a) Ravanna Spencer seeks federal habeas relief from his state convictions for robbery, theft, and a firearms offense after a bench trial in the Court of Common Pleas of Philadelphia County; Spencer was convicted of these crimes on February 22, 2003; the Pennsylvania Superior Court affirmed his conviction on January 18, 2006, and he did not seek review of his conviction in the Pennsylvania Supreme Court;

(b) Spencer filed a pro se claim pursuant to the

Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq., on March 29, 2006; the PCRA Court appointed counsel, but the appointed counsel soon thereafter sent the PCRA Court a Finley letter requesting that he be permitted to withdraw as counsel because he found Spencer's claims to be wholly frivolous; the PCRA Court permitted counsel to withdraw and dismissed the petition without a hearing;

(c) Spencer appealed to the Pennsylvania Superior Court on June 4, 2007, by filing a notice of appeal, but failed to file a Pa. R. App. P. 1925(b) statement of matters complained of on appeal as ordered by the PCRA Court on June 8, 2007, despite having been granted two enlargements of time to do so; the Superior Court declined to decide the issues Spencer raised in his PCRA petition and affirmed the dismissal of the petition on December 10, 2008;

(d) Spencer sought no further appeal or other request for collateral relief until filing his petition for habeas relief in the Middle District of Pennsylvania on December 11, 2009 (Spencer dated his handwritten petition December 7, 2009); the matter was transferred to this District on February 16, 2010;

(e) Judge Strawbridge considered whether there may be

2

arguable merit to the contention that Spencer's limitation period should be equitably tolled (because he was denied access to the courts when his legal papers were taken from him during a prison transfer), but concluded that because Spencer failed to exhaust his state remedies his claims are procedurally defaulted;

(f) Spencer objects to Judge Strawbridge's Report and Recommendation and claims that (1) his claims should not be procedurally defaulted because he established cause and prejudice by showing that Judge Sarmina did not send him everything that he needed to file a Rule 1925(b) statement after he asked her to replace his legal files, which were destroyed, (2) his claims should not be procedurally defaulted because he has established cause and prejudice by showing that the prison law library was inadequate, and (3) that a failure to file a Pa. R. App. P. 1925(b) statement does not constitute a procedural default on independent and adequate state law grounds;

(g) Where a claim is procedurally defaulted, we may only entertain a petition for federal habeas relief where the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result

3

in a fundamental miscarriage of justice," Coleman v. Thompson, 501 U.S. 722, 750 (1991);

(h) With regard to Spencer's first claim that his right of access to the courts was violated because Judge Sarmina did not send him everything he needed to replace his destroyed legal files, Objs. at unnumbered pages 2-3, Judge Strawbridge found that "Spencer has not rebutted in any way the presumption that Judge Sarmina's assistance in fact rectified the deficiency in his legal papers," R&R at 11; but Spencer provides with his Objections a sworn declaration averring that Judge Sarmina sent him only his trial transcripts and nothing more; before Spencer's legal file had been destroyed, he had been in possession of "trial transcripts, preliminary hearing transcripts. . . and exhibits," Objs., Ex. A-17; Spencer claims that receiving the trial transcripts alone did not cure the "years of research [he] did and the case law [he] accumulated to support [his] issues";

(i) But pursuant to Edwards v. Carpenter, 529 U.S. 446, 451-454 (2000), Spencer's claim that his legal file was destroyed, and that this prevented him from filing a timely Rule 1925(b) statement (like a claim of ineffective assistance of counsel) is itself "an independent constitutional claim. . .

[that must] first [be] raised in state court," id. at 451-52;

(j) Spencer could have raised a related claim in a new PCRA petition, seeking reinstatement of his appellate rights, but that time has now passed, 42 Pa. C.S.A. § 9545(b)(1)(i) and (b)(2) (allowing claims based on the interference by government officials to be presented within sixty days); instead, Spencer skipped that step and went straight to the Middle District of Pennsylvania for relief without first exhausting his remedies in state court; Spencer can no longer exhaust his state remedies because that statute of limitations ran on February 18, 2007, thirty days after the entry of the order of the Superior Court affirming his conviction, Pa. R. App. P. 1113(a);

(k) While Spencer may have shown why he was not able to file his Rule 1925(b) statement in state court in a timely manner, he has not shown cause and prejudice for why he failed to appeal the state court's ruling denying his state habeas claim based on procedural default, or why he failed to seek reinstatement of his appellate rights in state court before he presented those claims in federal court;

(l) Thus, Spencer's objection claiming that his state case should not have been procedurally defaulted is itself procedurally defaulted at this stage; Spencer has provided no

explanation whatsoever as to why he did not challenge the state court's ruling denying his PCRA petition for failure to file a Rule 1925(b) statement in state court; he simply received the transcripts from Judge Sarmina, found them inadequate, and applied for habeas in federal court instead of first challenging the alleged constitutional violation in state court;

(m) Because we cannot reach the merits of any state prisoner's claim unless it has first been canvassed thoroughly in state court, we cannot now consider Spencer's claim that the confiscation of his legal papers caused his inability to file a timely Rule 1925(b) statement;

(n) Similarly, Spencer's claim that he could find no reference in the prison law library to Pa. R. App. P. 1925(b), and that he therefore could not know how to fulfill its requirements or how to file it, is a claim that is also procedurally defaulted;

(o) Even if this claim were not procedurally defaulted, Spencer's argument would fail; we agree with petitioner that being unable to find the rule could certainly hinder his ability to file his Rule 1925(b) statement; although the rule itself is relatively simple, if petitioner never had the opportunity to read the rule, it would be impossible to know

6

how to follow it;

(p) Spencer includes a sworn declaration that he searched for the rule but could not find it in the prison library, Objs., Ex. A at 2;

(q) The Supreme Court has recognized that "adequate law libraries" are a component of the right of access to the courts, <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977); "[d]enial of access to a prison law library is actionable as a constitutional violation only insofar as the denial impedes a prisoner's constitutional right of access to the courts," <u>Picquin-George v. Warden, FCI-Schuylkill</u>, 200 Fed. App'x 159, 162 (3d Cir. 2006) (citing <u>Lewis v. Casey</u>, 518 U.S. 343, 350-51 (1996));

(r) In <u>Balawajder v. Johnson</u>, 252 F.3d 1357, 1357 (5th Cir. 2001), the petitioner argued that the AEDPA statute of limitations should have been equitably tolled because his prison library did not receive a copy of the AEDPA until after the one-year period had passed; the Fifth Circuit noted that the record reflected that Balawajder had been aware of the existence of the AEDPA well before the one-year period expired, and that in fact Balawajder had requested of copy of the AEDPA on the grounds that he knew that it contained an important statute of limitations; the Warden advised Balawajder to request the AEDPA

from the state library in Austin, but there was no evidence that Balawajder ever did that; the Fifth Circuit held that because the petitioner had been aware of the statute, but had never requested a copy of it from the Austin state library, he was not prevented from filing his habeas petition by the absence of the statute from his prison library;

(s) A similar issue arose in Egerton v. Cockrell, 334 F.3d 433, 437 (5th Cir. 2003); there, the Fifth Circuit remanded the case and instructed the District Court to determine whether Egerton was aware of the existence of AEDPA prior to the expiration of the limitations period; the Government failed to present any evidence that Egerton was aware of the existence of the AEDPA, and ultimately the Fifth Circuit held that "a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement. . . constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)," id. at 438-39;

(t) Egerton is distinguishable from Spencer's case because here there is no question that Spencer was aware of Rule 1925(b); in fact, he requested -- and received -- two extensions of time to file his 1925(b) statement of matters complained of on appeal;

(u)  Although Spencer was apparently in regular contact with Judge Sarmina, Objs., Ex. A-18, and with prison authorities with regard to the availability of the prison computer, Objs., Ex. A-20 - A-24, Spencer has presented no evidence that he ever specifically requested and was denied a copy of the rule, even though he was well aware of its existence;

(v)  We therefore conclude that Spencer would not have succeeded in showing cause that he could not file his Rule 1925(b) notice of appeal because of the impediment of an inadequate prison library;[1] in addition, Spencer makes no fundamental miscarriage of justice argument;

(w)  Finally, Spencer contends that a failure to file a Pa. R. App. P. 1925(b) statement does not constitute a procedural default on independent and adequate state grounds, but rather should be remanded to allow petitioner to file his statement of claims, Objs. at unnumbered page 7;

(x)  The procedural default doctrine prohibits federal

---

[1] Spencer cites Williams v. Buss, 538 F.3d 683, 686 (7th Cir. 2008), Phillips v. Mills, No. 98-5061, 1999 WL 685925, at *4 (6th Cir. Aug. 25, 1999), and McCoy v. Newsome, 953 F.2d 1252, 1260 (11th Cir. 1992), in support of his argument that inadequate law libraries alone will establish cause, but these cases are either distinguishable -- as in the case of Phillips and McCoy -- or do not support his argument -- as in the case of Williams.

9

courts from reviewing a petitioner's claim defaulted in state court on an independent and adequate state law ground, <u>Coleman</u>, 501 U.S. at 729; see <u>Leyva v. Williams</u>, 504 F.3d 357, 365 (3d Cir. 2007);

 (y) Spencer claims that Rule 1925(b) is intertwined or connected to federal law (and thus does not constitute an independent or adequate state law ground upon which to base a dismissal) because it has a constitutional error exception; Spencer also claims that the rule is not adequate because courts have not consistently followed it;

 (z) But as Judge Strawbridge correctly explains, our Court of Appeals has already held that a waiver of claims through a failure to file a 1925(b) statement <u>does</u> constitute a procedural default on independent and adequate state grounds, see <u>Buck v. Colleran</u>, 115 Fed. App'x 526, 528 (3d Cir. 2004), and the Courts of this District have consistently applied this rule;

 (aa) Spencer also claims that Rule 1925(b) "has an exception where a pro se litigator does not have to file a statement of matters and his claims still will be heard on their merits (see Pa. R. App. R. (C)(4) [sic]," but the rule to which petitioner refers -- Pa. R. App. P. 1925(c)(4) -- applies to

10

criminal cases, not civil cases like his;

(bb) We will therefore deny Spencer's petition for habeas relief as procedurally defaulted;

It is hereby ORDERED that:

1. Spencer's pro se Objections are OVERRULED;

2. The Report and Recommendation is APPROVED and ADOPTED;

3. The petition for writ of habeas corpus is DENIED;

4. Ravanna Spencer having made no substantial showing of a denial of a constitutional right, we DECLINE to issue a certificate of appealability; and

5. The Clerk of Court shall CLOSE this civil action statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.